In the Matter of Leonard J. Smith, Respondent, against Lewis J. Valentine, as Police Commissioner of the City of New York, Appellant.

Argued January 8, 1940; decided March 12, 1940.

352

*William C. Chanler*, Corporation Counsel (*Charles C. Weinstein* and *Bernard Friedlander* of counsel), for appellant. The acceptance by petitioner of gratuities from an attorney practicing in the Police Court of the precinct to which petitioner was attached was misconduct justifying his dismissal. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268; *Christal* v. *Police Commission of San Francisco*, 92 Pac. Rep. [2d] 416.)

*Sydney Rosenthal* and *Benjamin J. Jacobson* for respondent. The receipt of the checks under the facts did not consti-

tute a violation of any rule of the Police Department. (*People ex rel. Mitchel* v. *LaGrange*, 2 App. Div. 444; 151 N. Y. 664; *People ex rel. Wasserman* v. *Bell*, 21 N. Y. St. Repr. 895; *People ex rel. Cohen* v. *Waldo*, 164 App. Div. 563.)

*Per Curiam.* Upon trial before the Police Commissioner of the city of New York, the petitioner was found guilty of five specifications upon charges of conduct unbecoming a police officer and conduct prejudicial to the good order, efficiency and discipline of the department. On appeal to the Appellate Division the findings upon the specifications charging that petitioner recommended on September 24, 1930, one Scott Sanders, then an attorney, to prosecute a civil action and that on February 29, 1932, recommended the same lawyer for the defense of a criminal action, were confirmed. The findings upon specifications " 2, " " 3, " and " 9 " were annulled. Those charged the receipt by the petitioner of sums of three dollars each on January 4, 1932, February 11, 1932 and December 21, 1932, from the same Scott Sanders, as gratuities or presents, while assigned to the 103rd Precinct, which was included within the boundaries of the 4th District Magistrate's Court in Queens.

At the time of the receipt of the moneys, Scott Sanders had his office within the 4th Magistrate's Court District. His practice was ninety per cent criminal and ten per cent civil, and he had most of his practice in that court.

On the trial, three checks were introduced in evidence. Each was for three dollars. The first dated December 21, 1932, was made to the order of Leonard Smith and was indorsed by him. The second, dated February 11, 1932, was made to the order of Mrs. Leonard Smith, and was indorsed " Leonard Smith " by petitioner. The third, dated January 4, 1932, was made to the order of cash and indorsed " Leonard Smith."

The petitioner, his wife and Sanders sought to explain these transactions as Christmas or birthday presents for the petitioner's children rather than gratuities or presents to him. The Police Commissioner was justified, on the record presented, in disbelieving the explanations offered

and in finding the petitioner guilty upon the specifications "2," "3" and "9." He was the trier of the facts with power to make the determination.

The facts come clearly within the doctrine of *Matter of Roge* v. *Valentine* (280 N. Y. 268, at pp. 274, 275), where it was said: "The prohibitions contained in the rules are directed against acts which may be innocent, if done with innocent intent, but which tend to demoralize the police force, facilitating temptation and covering corruption. Such acts are stamped as wrongful at all times, regardless of whether in particular instance they may be innocent in purpose or in effect. The prohibition of the acts specified in the rules may not be regarded as a license or a grant of immunity for other acts where purpose or effect is not innocent. It is plain that any patrolman who receives and accepts from an attorney practicing in the police court in the precinct to which the patrolman is attached, money as a gratuity or in payment for services, past or future, rendered or hoped for, voluntarily places himself in an equivocal position, destroys his usefulness as a police officer and is guilty of misconduct which justifies, if, indeed, it does not dictate, dismissal from the force." The fact that the evidence failed to disclose that the petitioner was at any time a witness in any case in which the attorney Sanders appeared, does not distinguish this from the *Roge* case.

The order of the Appellate Division should be reversed and the determination of the Police Commissioner confirmed, without costs.

The first certified question is answered in the affirmative. The second certified question is not answered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.